UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenyatta Hunter, # 240774, ) | C/A No. 4:08-2174-CMC-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Report and Recommendation |
| ) | |
| South Carolina Department of Corrections, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the manner of execution of Petitioner's sentence, has been submitted to the Court *pro se* by a state prison inmate.[1] Petitioner is currently confined at Lee Correctional Institution, part of the South Carolina Department of Corrections (SCDC) prison system. In the Petition filed in this case, Petitioner complains that his criminal sentence has been improperly calculated. However, in his Answers to Special Interrogatories propounded to him by the Court, Petitioner acknowledges that he has not filed any SCDC institutional grievances relative to his sentence calculation problem. (Entry 9). As a result, it is clear that Petitioner filed this case prematurely.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

With respect to the duration of his imprisonment and/or the manner of execution of his criminal sentence, Petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2254 and a writ of habeas corpus under 28 U.S.C. § 2241, both of which can be sought only after Petitioner has exhausted his state court remedies. *See Picard v. Connor*, 404 U.S. 270 (1971); *Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 490-91 (1973)(exhaustion also required under 28 U.S.C. § 2241); *Moore v. De Young*, 515 F.2d 437, 442-443 (3rd Cir. 1975)(exhaustion required under 28 U.S.C. § 2241). Plaintiff's claims should be dismissed because he has failed to exhaust his State administrative remedies and his State court remedies as required by 42 U.S.C. § 1997e[2] and 28 U.S.C. § 2241.

---

[2] 42 U.S.C. § 1997e provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, *or any other Federal law*, by a prisoner confined in any jail, prison,

Petitioner's State court recourse for his claim that his sentence has been miscalculated is now governed by the South Carolina Supreme Court's decision in *Al-Shabazz v. State*, 338 S.C. 354, 527 S.E.2d 742 (2000).[3]  The *Al-Shabazz*.decision determined that an inmate claim which does not challenge the validity of a conviction or sentence must proceed through the process set out in the South Carolina Administrative Procedures Act (SCAPA), S.C. Code Ann. §§ 1-23-310 through 1-23-400, because, according to the *Al-Shabazz* court, requiring review through the SCAPA would provide an "orderly and consistent framework for resolving such matters ... [which] typically arise in two ways: ... (2) when an inmate believes prison officials have erroneously calculated his sentence[.]" *Al-Shabazz*, 338 at 369, 527 S.E.2d at 750.  Thus, before Plaintiff may proceed with his sentence miscalculation habeas corpus claim in this Court, he must first exhaust his State *administrative* remedies available through the SCDC grievance process, and then he must fully exhaust his State *court* remedies as provided through the SCAPA.

As stated previously, Petitioner admits that he has not yet begun the SCDC administrative remedy process with respect to his sentence miscalculation claim.  He must begin the exhaustion process for his claim by filing a  Step 1 grievance with the required SCDC personnel at Lee Correctional Institute and, if not satisfied by the result of that grievance, he must then file a Step 2 grievance and await SCDC's response

---

or other correctional facility until such administrative remedies as are available are exhausted." *Id.* § 1997e(a)(emphasis added). 42 U.S.C. § 1997e provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, *or any other Federal law*, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* § 1997e(a)(emphasis added).  Since Petitioner's sentence miscalculation claim is before this Court under "Federal law," i.e., the habeas statutes, § 1997e's administrative exhaustion requirement applies to his claim.

[3] In the past, state prisoners filed an application for post-conviction relief in the Court of Common Pleas in the County in which they were convicted in order to begin the exhaustion process. On February 14, 2000, the Supreme Court of South Carolina changed the way that a prison inmate should exhaust his or her state remedies with respect to SCDC's "final decision in a non-collateral or administrative matter, i.e., one in which an inmate does not challenge the validity of a conviction or sentence." *Al-Shabazz* , 338 S.C. at 368, 527 S.E.2d at 749.

before he can be said to fully exhausted his administrative remedies under § 1997e.  Thereafter, since his sentence miscalculation claim is a non-collateral and/or administrative matter, if he is still unsatisfied with SCDC's response, Petitioner would then need to begin the process of exhaustion of his State *court* remedies by filing an appeal from the SCDC administrative remedy process with the South Carolina Administrative Law Court (ALC).  *See Al-Shabazz,* 338 S.C. at 378-79, 527 S.E.2d at 755.  Since it is clear from his Answers to the Court's Special Interrogatories that Petitioner did not even begin the SCDC administrative remedy process before filing this case, the grounds to relief raised in the Petition have not been considered and addressed by any administrative or court tribunals of the State of South Carolina.  Petitioner clearly has not exhausted the state remedies available to him for his claim of miscalculation of his sentence, and, accordingly, the Petition should be dismissed .

## **RECOMMENDATION**

It is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent.  *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).  Petitioner's attention is directed to the important notice on the next page.

        s/Thomas E. Rogers, III  
        Thomas E. Rogers, III  
        United States Magistrate Judge

August 25, 2008  
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).